*Johnson & Brown, for appellant.*

*Muir & Bijur, for appellee.*

---

### JOHN T. ROBINSON *v.* J. T. NORTH.

**Judgments—Amount Claimed in Petition—Recovery in Excess of—Must be Reversed.**

Where the judgment exceeds the amount laid in the petition it will be reversed and remanded with directions to render judgment for the plaintiff in the court below for the amount laid in the petition, where that is the only error; but where there is ground to apprehended from irregularity on the trial that justice has not been done, the cause will be remanded for a new trial.

**Trial—All the Pleading Must be Given Jury When They Retire to Make Verdict.**

Appellant had a right to have his answer to the petitions submitted, with them, to the jury; and while it does not appear that the verdict resulted from the withholding his pleadings, still his right to have them before the jury was invaded, and injury may have resulted therefrom and a fair trial prevented.

APPEAL FROM GALLATIN CIRCUIT COURT.

January 9, 1872.

OPINION BY JUDGE PETERS:

The damages in the original petition are laid at $700 and in an amended petition they are laid at $591.33. On the trial the jury found for the plaintiff $759.91 in damages, with interest from the date of the finding, and a judgment was rendered against appellant for the sum found by the jury.

This is an error as has been repeatedly held by this court for which the judgment must be reversed.

It has been the general practice of this court where the judgment exceeds the amount laid in the petition and writ, to reverse the judgment and remand the cause with directions to render judgment for the plaintiff in the court below for the amount

laid in the petition where that is the only error. But where there is ground to apprehend from irregularity on the trial that entire justice has not been done, this court will remand the cause for a new trial. *Suttles & Sublett vs. Whitlock,* 4 Mon. 452.

In this case it appears that when the jury retired to consider their verdict, one of the attorneys for appellee withdrew from the bundle of papers all the pleadings of appellant and handed to them the original petition, and an amended one which had been filed the 17th of September, 1867, and which at the March term, 1868, had been withdrawn, and some of the written evidence of appellee and the other papers in the case the attorney had not returned to the clerk, but had laid them away where they remained until after the verdict was returned.

Appellant had a right to have his answer to the petitions submitted with them to the jury, and, while it does not appear that the verdict resulted from the withholding his pleadings, still his right to have them before the jury was invaded, and injury may have resulted therefrom and a fair trial prevented.

Moreover, while it was the duty of appellant when Brown gave his evidence **on the trail by which he was** surprised, then to have moved the court to set aside the hearing and to postpone the trial or to continue the cause until he could procure the attendance of Frank, and if the refusal of the court to award a new trial on that ground were the only objection to the judgment this court would not reverse for that. Still, as the judgment must be reversed, for the error first named, we deem it proper to remand the cause with directions to grant a new trial and for further proceedings consistent herewith; the Chief Justice not sitting.

*Winslow, for appellant.*
*Landrum, Scott, for appellee.*